■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVESTER HEMPHILL, Appellant. [48 NYS3d 21]—

Judgment, Supreme Court, New York County (Wayne M. Ozzi, J., at jury trial and sentencing; Neil Ross, J., at resentencing), rendered July 12, 2010, as amended July 9, 2015, convicting defendant of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of 7½ years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility.

Review of defendant's claim that the court improperly granted a challenge for cause by the People is statutorily foreclosed because the People did not exhaust their peremptory challenges (see CPL 270.20 [2]). Although the People initially used up their challenges, they subsequently withdrew one of them, and thus the court's ruling, even if erroneous, did not give the People an extra challenge. In any event, the court providently exercised its discretion in disqualifying a panelist

who failed to give an unequivocal assurance that she could render an impartial verdict, uninfluenced by knowledge or expertise derived from her studies (*see generally People v Arnold*, 96 NY2d 358, 363 [2001]; *see also People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

The court's *Sandoval* ruling balanced the appropriate factors and was a provident exercise of discretion (*see People v Walker*, 83 NY2d 455, 458-459 [1994]). With reasonable limitations, the court permitted inquiry into matters that were probative of credibility. Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.